# IN THE DISTRICT COURT OF THE UNITED STATES

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   CR 09-904 LH |
| | ) | |
| vs. | ) | |
| | ) | |
| GABRIEL TORRES-GOMEZ | ) | |
| | ) | |
| Defendant. | | |

## DEFENDANT'S MOTION TO SUPPRESS AND MEMORANDUM IN SUPPORT THEREOF

Come now the defendant, Gabriel Torres-Gomez through his attorney, Jean A. McCray, Attorney at Law, and hereby respectfully moves this Court for an order suppressing all the evidence seized on March 3, 2009.  As grounds, defendant submits the following memorandum brief:

## INTRODUCTION

On March 3, 2009,  around 1:00 in the afternoon, Detective D. Wulff and Detective M. Luna pulled the car they were in behind the 1998 Infiniti that Mr. Torres-Gomez (hereinafter referred to as Mr. Torres) was driving and identified themselves as police officers.  Mr. Torres had just pulled into the parking lot at the McDonald's at 300 Lomas, NE.  He drove his car around to the south side of the parking lot and stopped.  A man who had been hanging around in the parking lot and who  the detectives had been watching, got in the car with Mr. Torres.  Immediately after this man got into the Infiniti, the detectives pulled behind it.

The man the detectives had been watching then jumped out of the Infiniti and "attempted to leave."  After pulling behind the Infiniti, Detective Luna immediately contacted the driver of the car, Gabriel Torres-Gomez, and told him to exit the vehicle.  Mr. Torres did exit the vehicle.  Detective Luna immediately patted down Mr Torres.  Det. Wulff, during the patdown of Mr. Torres, thought that Mr. Torres had something in his mouth.  Wulff told Luna what he thought he saw, and Luna told Torres to open his mouth.  Mr. Torres did as instructed.  Numerous balloons were seen in his mouth.  Mr. Torres was told to spit the balloons into his baseball cap.  Mr. Torres did as instructed.  The substance in one of the balloons was field tested and tested positive for heroin.  Mr. Torres was then transported to the North Valley substation and charged with the trafficking a controlled substance in Metropolitan Complaint CR 4601-09.  The man who had jumped into the car Mr. Torres was driving was briefly detained and then released.

## ARGUMENT

Mr. Torres submits that  (1) he was detained at the point that the officers pulled the vehicle they were in behind the 1998 Infinity blocking his ability to leave, (2) there was no reasonable suspicion to detain him for any reason at the point that the detention occurred, (3) any evidence found as a result of this unlawful detention should be suppressed as it was unlawfully obtained by the detectives.

### A.   Standing

According to the detectives,   Mr. Torres was found to have balloons containing heroin in his mouth.  This was discovered because the detectives had blocked his car in, had told him to get out of the car, began patting him down, and then told him to open his mouth.   He therefore may seek to suppress the evidentiary fruits of his illegal detention under the fruit of the poisonous tree

doctrine as the evidence seized was in his mouth. *Wong Sun v. United States,* 371 U.S. 471, 83 S. Ct. 407 (1963).

### B.  No Reasonable Suspicion- Detention Unconstitutional

The detectives had no reasonable suspicion to detain Gabriel Torres-Gomez.  The only thing they observed him do was pull into a McDonald's parking lot in the middle of the day, park his car, and have someone get into his car. Immediately after that happened, he was detained.  His car was blocked by the detectives' car, Detective Luna immediately approached him in the car and told him to get out.  Mr. Torres had done nothing at that point illegal or remotely suspicious. The detectives had no reasonable suspicion to detain him.  They had made some assumptions that the man in the parking lot they had been watching was selling drugs, but they had no knowledge of Mr. Torres at all and saw him do nothing illegal.   They had no real evidence that the man who got in his car was doing anything illegal.  They had no information as to why the man got in Mr. Torres' car. There was no reason to detain Mr. Torres.  All evidence obtained was a result of the illegal detention and must be suppressed.

A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, "by means of physical force or show of authority" terminates or restrains his freedom of movement. *Brendlin v. California,* 551 U.S. 249, 254, 127 S.Ct. 2400 (2007).

At the point that the officers pulled their car in behind the Infiniti and identified themselves as police officers, a reasonable person in the car would not have believed that he was free to leave.   The action of the officers with their car could be considered a use of physical force, that is, blocking the Infiniti with the police vehicle.  The police actions were also a show of authority, blocking the Infiniti with the police vehicle and identifying themselves as police officers.  Detective Luna immediately went to the driver's side door and instructed Mr. Torres to get out of the car.  Mr. Torres submitted to that authority and got out of the car.  Detective Luna then immediately patted Mr. Torres down.  Then he told Torres to open his mouth.

Again Mr. Torres submitted to the authority of the police and opened his mouth. The evidence upon which the current charge is based was found as a result of police detention based on no reasonable suspicion in regards to Mr. Torres.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Gabriel Torres-Gomez urges this court to suppress evidence seized from him, because his right pursuant to the Fourth Amendment of the United States Constitution, to be free of unlawful search and seizure was violated.

                Respectfully submitted,

                _electronically filed_____
                Jean A. McCray
                Attorney for Gabriel Torres-Gomez
                851 Silver Avenue, SW
                Albuquerque, NM 87102
                ph. 243-3488
                fax 243-8688

The undersigned hereby certifies that a true copy of this document was delivered on November 3, 2009, to:

Norman Cairns, AUSA
United States Attorney's Office
P.O. Box 607
201 3rd Street, NW #607
Albuquerque, NM 87103-0607
ph. 346-7274

_electronically filed_
Jean A. McCray