# IN THE DISTRICT COURT OF THE UNITED STATES

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:    CR 09-904 LH |
| | ) | |
| vs. | ) | |
| | ) | |
| GABRIEL TORRES-GOMEZ | ) | |
| | ) | |
| Defendant. | | |

## DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO THIS MOTION TO SUPPRESS

Defendant, Gabriel Torres-Gomez through his attorney, Jean A. McCray, Attorney at Law, submits his reply to the government's response ("GR") to his motion to suppress ("MTS").

## ARGUMENT

**Detectives Wulff and Luna detained Mr. Torres-Gomez without reasonable suspicion. This unlawful detention rendered the subsequent pat down and search of Mr. Torres-Gomez violations of the Fourth Amendment of the United States Constitution. The items found as a result of this unlawful detention and subsequent search must therefore be suppressed.**

## A. It is CLEAR from the record when the detention occurred.

The government's response fails to effectively counter Mr. Torres-Gomez's arguments establishing that he was detained without reasonable suspicion. The discovery provided by the government in regards to the officer's actions as to Mr. Torres-Gomez states as follows:

1. Torres-Gomez parked his car in McDonald's parking lot.
2. Detectives immediately pulled their car behind defendant's car.
3. Detectives immediately identified themselves as police.
4. Detective Luna went straight to the driver's side of defendant's car.
5. Detective Luna told Torres-Gomez to exit the vehicle.
6. Torres-Gomez submitted to Detective Luna and exited vehicle.
7. Detective Luna did a pat down search of defendant.
8. Det. Wulff sees that Torres-Gomez has something in his mouth.
9. Det. Wulff cannot see what is in mouth.
10. Det. Wulff informs Detective Luna of what he sees.
11. Det. Luna orders Gabriel Torres-Gomez to open his mouth.
12. Torres-Gomez opens his mouth.
13. Balloons are found in mouth.

Given the above order of events, it is clear that defendant was detained by the detectives' actions of blocking his car, identifying themselves as police officers, beginning to give orders to him and his passenger, telling him to get out of his car, and patting him down. Evidence was found after these police actions of detention of defendant without reasonable suspicion.

### B. Detective Wulff did not have reasonable suspicion of criminal activity By Gabriel Torres-Gomez to justify his detention.

At the point that Mr. Torres-Gomez was detained, the only thing the officers observed him do is drive into the parking lot, pick up Johnny Gonzales and park. Merely because Mr. Torres-Gomez knows someone who the officers were watching does not, absent more information, give them reasonable suspicion to detain him.

Perhaps if the officers had observed further, additional information might have been obtained which would have ripened into reasonable suspicion. However, the officers acted immediately, according to their own record memorialized in the criminal complaint and the prepared police reports.

### C. The evidence in Gomez-Torres' mouth was NOT in plain view.

Detective Wulff says that it appears that Gomez-Torres has something in his mouth. At that point, Detective Wulff does not know what it is. Detective cannot see "in plain view" what is in Gomez-Torres' mouth. Detective Luna orders Gomez-Torres to open his mouth. In order for the police to see the seized evidence, an order requiring Gomez-Torres to reveal it is required. The record clearly shows that the evidence was not in plain view. Prior to defendant opening his mouth, the officers did not know what was in his mouth, whether it was gum, food, chewing tobacco, hard candy. The discovery of the evidence was due to a search of defendant's mouth after the unlawful detention.

### D. This court should suppress the fruits of the illegal detention.
### ARGUMENT

The government does not dispute Mr. Torres-Gomez's argument that , if the officers illegally detained him without reasonable suspicion, this court must suppress the items discovered during that detention. Evidence found as a result of this unlawful detention should be suppressed as it was unlawfully obtained by the detectives.

## CONCLUSION

For the reasons stated above and in his motion, defendant Gabriel Torres-Gomez urges this court to suppress evidence seized from him, because his right pursuant to the Fourth Amendment of the United States Constitution, to be free of unlawful search and seizure was violated.

Respectfully submitted,

 electronically filed
Jean A. McCray
Attorney for Gabriel Torres-Gomez
851 Silver Avenue, SW
Albuquerque, NM 87102
ph. 243-3488
fax 243-8688

The undersigned hereby certifies that a true copy
of this document was delivered on
January 20, 2010, by electronic means to:

Norman Cairns, AUSA
United States Attorney's Office
P.O. Box 607
201 3rd Street, NW #607
Albuquerque, NM 87103-0607
ph. 346-7274

 electronically filed
Jean A. McCray