IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 16 2010

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CR-09-904 LH |
| vs. | ) |
| GABRIEL TORRES-GOMEZ, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, GABRIEL TORRES-GOMEZ, and the Defendant's counsel, ~~Phillip Medrano~~ Jean McCray:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and

   c. at a trial:

      i. to confront and cross-examine adverse witnesses,

      ii. to be protected from compelled self-incrimination,

        iii.     to testify and present evidence on the Defendant's own behalf, and

        iv.     to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The Defendant agrees to waive these rights and to plead guilty to the indictment, charging violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Unlawfully, Knowingly and Intentionally Possessing With Intent to Distribute Less than 100 grams of Heroin.

## SENTENCING

4.     The Defendant understands that the minimum and maximum penalty the Court can impose with respect to the Indictment is:

    a.    imprisonment for a period of not more than 20 years;

    b.    a fine of not more than $1,000,000.00;

    c.    a mandatory term of supervised release of not less than three years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked--even on the last day of the term--and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

    d.    a mandatory special penalty assessment of $100.00.

5.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.     The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

   a. On or about March 3, 2009, officers viewed suspicious behavior of a male at 300 Lomas Blvd. NE, Albuquerque, NM. After watching the behavior for approximately 30 minutes, Gabriel Torres-Gomez arrived at the location. Officers then approached Gabriel Torres-Gomez and the other man, and asked Gabriel Torres-Gomez to exit his vehicle, which he did. Officers then conducted a Terry pat-down of Gabriel Torres-Gomez. During that time officers noticed he had object(s) in his mouth and asked him to open his mouth, which he did, revealing numerous multi-colored balloons.

   b. Twenty (20) balloons were collected from Gabriel Torres-Gomez, which tested positive for heroin at a total weight of 4.43 grams.

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **STIPULATIONS**

9. The United States and the Defendant stipulate as follows:

   a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of <u>two</u> levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate oral or written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction. Further, the United States is free to withdraw this stipulation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

   b. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea

hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

10. The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. The Defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

12. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a

Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

13. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

14. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

**17.** At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessments described above.

## ENTIRETY OF AGREEMENT

**18.** This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this _16_ day of _march_, 2010.

GREGORY J. FOURATT
United States Attorney

LINDA MOTT
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

JEAN MCCRAY
Attorney for the Defendant

      I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

*Gabriel Torres Gomez*
GABRIEL TORRES-GOMEZ
Defendant